IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RBG PLASTIC, LLC, d/b/a RESTAURANTWARE, </br></br>Plaintiff,</br></br>v.</br></br>THE WEBSTAURANT STORE, d/b/a WEBSTAURANTSTORE.COM; and CLARK ASSOCIATES, INC.,</br></br>Defendant. | Case No.: 1:18-CV-0005192</br></br>Jury Demanded |

## COMPLAINT

Plaintiff, RBG Plastic, LLC, d/b/a Restaurantware (hereinafter "Plaintiff" or "Restaurantware"), by its attorneys, and as for its Complaint against Defendants The Webstaurant Store, Inc. d/b/a WebstaurantStore.com and Clark Associates, Inc. (collectively "Webstaurant" or "Defendants"), alleges as follows:

### Introduction

1. This is a complaint for trademark infringement, unfair competition and false description arising under §§ 32 and 43 of the Lanham Act 15 U.S.C. §§ 1114(1) (Trademark Infringement) and 1125(a) (Unfair Competition and False Description) and related state law claims associated with the Defendants' use of internet advertising practices that infringe upon Plaintiff's registered trademark.

### Jurisdiction and Venue

2. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121. This Court has related claim jurisdiction over the state law claims pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367.

3.  This Court has personal jurisdiction over the Defendants because the Defendants regularly solicit business and sell products to residents of the State of Illinois.

4.  Venue is proper in this district under 28 U.S.C. §1391(b), in that the Defendant is subject to personal jurisdiction in this district at the time the action was commenced and under 28 U.S.C. §1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this district and a substantial part of the property that is the subject of this action is situated in this district.

**The Parties**

5.  Plaintiff Restaurantware is, and at all times mentioned herein was, a limited liability corporation organized and existing under the laws of the state of Illinois, having a principle place of business at 360 W. Illinois, Chicago, Illinois, 60654.

6.  Defendant The Webstaurant Store is, and at all times mentioned herein was, a corporation organized and existing under the laws of the state of Pennsylvania, having a principle place of business at 2205 Old Philadelphia Pike, Lancaster, PA 176025-3400.

7.  Defendant Clark Associates, Inc. is, and at all times mentioned herein was, a corporation organized and existing under the laws of the state of Pennsylvania, having a principle place of business at 2205 Old Philadelphia Pike, Lancaster, PA 176025-3400.

8.  Restaurantware and Webstaurant are direct competitors in the food service products business, serving large and small businesses and individuals.

**Registration of Restaurantware**

9.  On September 12, 2017, Plaintiff was granted Registration Number 5283420 for the Word Mark "RESTAURANTWARE" for "Compostable and biodegradable cutlery, namely,

knives, spoons, forks; Disposable tableware, namely, knives, forks and spoons; Plastic cutlery, namely knives, forks, and Spoons."

10. On September 26, 2017, Plaintiff was granted Registration Number 5293709 for the Word Mark "RESTAURANTWARE" for "Bowls; Compostable and biodegradable plates, bowls, cups and trays; Cooking pans; Cooking skewers; Disposable dinnerware, namely, cups, bowls, plates, and saucers; Drinking vessels; serving bowls (hachi); Serving dishes; Serving trays."

11. On September 26, 2017, Plaintiff was granted Registration Number 5293708 for the Word Mark "RESTAURANTWARE" for "On-line retail store services featuring preparation, serving, and dining supplies for the food service industry."

12. Plaintiff first used the mark "RESTAURANTWARE" in the marketing of its services and products in March of 2010 and has used the mark continuously ever since.

13. Each of the three Registrations was published for opposition. Defendants did not oppose Plaintiff's mark during the publication periods.

**Facts Common To All Counts**

14. In an attempt to exploit the good will associated with Restaurantware's trademark "RESTAURANTWARE" and to create confusion in the marketplace, Webstaurant has begun using the phrase "RESTAURANTWARE" and/or "RESTURAUNTWARE" and/or "RESTAURANT WARE" and/or "RESTURAUNTWARE" and/or "RESTAURANTWEAR" and/or related marks (hereinafter the "Confusingly Similar Marks") in its internet marketing campaigns.

15. Google, Yahoo, Bing, AOL and other websites ("Search Engines") operate internet search engines which allow users to locate websites that correspond with search terms or keywords ("Keywords") that they enter into the Search Engine.

16. Search Engine users enter Keywords that are related to the subject matter they are interested in, the companies they are looking for, or the goods and services they wish to buy. Search Engine results ("Unpaid Results") then appear in the order of relevance, as determined by the Search Engine, with the most relevant websites appearing at the top of the results.

17. Search Engines also sell rights to individual Keywords, generally on a pay-per-click basis. When a business purchases a Keyword, it purchases the right to have a sponsored advertisement ("Sponsored Ad") appear each time a consumer enters that particular Keyword.

18. The Sponsored Ad includes a link to the business's website, along with promotional information related to the business. The Sponsored Ad often includes a small disclaimer, but otherwise appears to be an Unpaid Result.

19. The Sponsored Ad appears at the top of the Search Engine results. It therefore appears in the location where the results most relevant to the search generally appear.

20. Defendants have purchased the Confusingly Similar Marks as Keywords on various Search Engines, such that consumers looking for Restaurantware's website will be diverted to Webstaurantstore.com. For example, the following screenshot reflects that Defendants' Sponsored Ad appeared in response to an Ask.com search for the Keyword "resturauntware" on June 28, 2018:



21. In addition, Defendants have used the Confusingly Similar Marks in the text of their Sponsored Ads. For example, the Confusingly Similar Marks appeared in the text of Defendants' Sponsored Ad in response to a Google.com search for the Keyword "restaurantwere" on July 10, 2018:



6

22. In another example, the Confusingly Similar Marks appeared in the text of Defendants' Sponsored Ad in response to a Google.com search for the Keyword "restaurantware" using a handheld device:



23. Defendant's wrongful use of the Confusingly Similar Marks is likely to cause confusion, mistake, and deception in the minds of the public. Such confusion, mistake, and deception include, but are not limited to, initial-interest confusion.

24. Defendants' products and services have been, are and will be sold in the same types of wholesale, retail and distribution channels to the same classes of purchasers as Restaurantware's products and services have been, are and will continue to be sold.

25. Defendants' infringement constitutes a willful and malicious violation of Restaurantware's trademark rights, aimed at preventing Restaurantware for continuing to build a business around a mark that it lawfully possesses.

7

### Count I: Trademark Infringement Under Lanham Act § 32

26. Plaintiff repeats and hereby incorporates by reference, as though specifically pleaded herein, the allegations of paragraphs 1-25.

27. Defendants' wrongful use of the Confusingly Similar Marks constitutes an infringement of Plaintiff's registered trademark "RESTAURANTWARE" and is likely to cause confusion, mistake and deception of the public as to the identity and origin of goods and services.

28. By reason of the foregoing acts, Defendants are liable to Restaurantware for trademark infringement under 15 U.S.C. § 1114.

29. Upon information and belief, Defendants adopted and use the Confusingly Similar Marks with full knowledge of, and in willful disregard of Restaurantware's rights in its trademarks, and with the intent to obtain a commercial advantage that Defendants otherwise would not have, making this an exceptional case pursuant to 15 U.S.C. § 1117.

30. Upon information and belief, Defendants' conduct is willful, deliberate, intentional, and in bad faith.

31. Defendants' acts have greatly and irreparably damaged Restaurantware and will continue to damage Restaurantware unless enjoined by the Court such that Restaurantware is without an adequate remedy at law.

### Count II: Unfair Competition Under Lanham Act § 43

32. Plaintiff repeats and hereby incorporates by reference, as though specifically pleaded herein, the allegations contained in paragraphs 1-25.

33. Defendants' acts are likely to cause confusion or mistake, or to deceive as to Defendants' affiliation, connection, or association with Restaurantware, or as to the origin,

sponsorship, or approval of Defendants' goods. Defendants' acts constitute unfair competition in violation of 15 U.S.C. § 1125(a).

34. Upon information and belief, Defendants' conduct is willful, deliberate, intentional, and in bad faith, making this an exceptional case.

35. Defendants' acts have greatly and irreparably damaged Restaurantware and will continue to damage Restaurantware unless enjoined by the Court such that Restaurantware is without an adequate remedy at law.

### Count III: Uniform Deceptive Trade Practices Act
### 815 ILCS 510/1 et seq.

36. Plaintiff repeats and hereby incorporates by reference, as though specifically pleaded herein, the allegations contained in paragraphs 1-25.

37. Defendants' wrongful use of the Confusingly Similar Marks is such a colorable imitation and copy of Restaurantware's established trademark "RESTAURANTWARE" as used in the food service industry that Defendants' use thereof in the context of the food service industry is likely to cause confusion, or to cause mistake, or to deceive customers as to the affiliation, connection or association of Restaurantware's products, or to deceive consumers as to the origin, sponsorship or approval by Restaurantware of the Defendants' counterfeit products.

38. Defendants' use of the Confusingly Similar Marks constitutes a false description or representation of Defendants' business or products under 815 ILCS 510/2.

39. On information and belief, Defendants' use of the Confusingly Similar Marks was done willfully and with malice or with reckless indifference towards the rights of Restaurantware.

40. Defendants' acts have greatly and irreparably damaged Restaurantware and will continue to damage Restaurantware unless enjoined by the Court such that Restaurantware is without an adequate remedy at law.

### Count IV: Consumer Fraud and Deceptive Business Practices Act
### 815 ILCS 505/1 et seq.

41. Plaintiff repeats and hereby incorporates by reference, as though specifically pleaded herein, the allegations contained in paragraphs 1-25.

42. Defendants' wrongful use of Restaurantware's mark is such a colorable imitation and copy of Restaurantware's established presence in the food service market that Defendants' use thereof in the context of food product services is likely to cause confusion, or to cause mistake, or to deceive customers as to the affiliation, connection or association of Restaurantware's products, or to deceive consumers as to the origin, sponsorship or approval by Restaurantware of the Defendants' counterfeit products.

43. Defendants' use of the Confusingly Similar Marks constitutes a false description or representation of Defendants' business or products under 815 ILCS 505/2.

44. On information and belief, Defendants' use of the Confusingly Similar Marks was done willfully and with malice or with reckless indifference towards the rights of Restaurantware.

45. Defendants' acts have greatly and irreparably damaged Restaurantware and will continue to damage Restaurantware unless enjoined by the Court such that Restaurantware is without an adequate remedy at law.

WHEREFORE, Plaintiff RGB Plastic LLC prays for judgment against Defendants as follows:

1. The Defendants, their agents, officers, employees, representatives, affiliates, successors, assigns, attorneys and all other persons acting for, with, by, through or under authority from Defendant, each of them, be preliminarily and permanently enjoined from:

    (a)    Using Restaurantware's trademark "RESTAURANTWARE" or any colorable imitation thereof;

    (b)    Using any trademark that imitates or is confusingly similar to or in any way similar to Restaurantware's trademark "RESTAURANTWARE" or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of Restaurantware's products or services or their connections to Defendant.

2. The Defendants be required to file with the Court and serve on Restaurantware within thirty (30) days after entry of the Injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant have complied with the Injunction;

3. That pursuant to 15 U.S.C. § 1117, Defendant be held liable for all damages suffered by Restaurantware resulting from the acts alleged herein;

4. That, pursuant to 15 U.S.C. § 1117, Defendant be compelled to account to Restaurantware for any and all profits derived by it from its illegal acts complained here;

5. That, pursuant to 815 ILCS 505/10a, the Court award actual economic damages, attorneys' fees and costs, punitive damages, and disgorgement of Defendant's profits.

6. For damages, interest and costs to the extent permitted by law;

7. The Court declare this to be an exceptional case and award Restaurantware its full costs and reasonable attorney's fees;

8. The Court grant Restaurantware any other remedy to which it may be entitled as provided for in 15 U.S.C. §§ 1116 and 1117 or under state law; and

9. For such other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues triable before a jury.

Dated: July 30, 2018                    Respectfully submitted,

                                        RGB PLASTIC, LLC, d/b/a
                                        RESTAURANTWARE

                                        By: /s/Charles L. Philbrick
                                              One of its attorneys

Charles L. Philbrick
(cphilbrick@rathjewoodward.com)
David P. Hollander
(dhollander@rathjewoodward.com)
Rathje Woodward LLC
300 East Roosevelt Road, Suite 300
Wheaton, Illinois 60187
Telephone:   (630) 668-8500